Shirley May RIGDON, formerly Shirley
May Kirschenmann, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. No. 2140 ND.

United States District Court
S. D. California, N. D.

April 30, 1962.

See also 197 F.Supp. 150; 225 F.2d
69.

Lloyd G. Rainey, Beverly Hills, Cal.,
and Deadrich & Bates, Bakersfield, Cal.,
for plaintiff.

Francis C. Whelan, U. S. Atty., Walter
S. Weiss, Asst. U. S. Atty., Chief, Tax
Div., Los Angeles, Cal., for defendant.

CROCKER, District Judge.

This cause came on regularly for trial
on January 18, 1962, before the Honora-
ble Myron D. Crocker, United States Dis-
trict Judge, sitting without a jury;
plaintiff being represented by Lloyd G.
Rainey and Deadrich and Bates, Lloyd
G. Rainey appearing; defendant being
represented by Francis C. Whelan,
United States Attorney, Robert H. Wy-
shak, Assistant United States Attorney,
appearing; and the cause having been
submitted on oral and written evidence,
and oral argument of counsel; and the
Court, being duly advised, now makes its
findings of fact and conclusions of law
as follows:

FINDINGS OF FACT

I.

This is an action by plaintiff against
the United States of America for the
recovery of income taxes illegally and er-
roneously assessed and collected from
plaintiff.

II.

Jurisdiction is conferred upon this
Court by 28 U.S.C. § 1346(a) 1.

III.

At all times mentioned herein, plain-
tiff was, and is, a resident of the County
of Kern, State of California, and of the
Southern District of California, North-
ern Division, and was, and is, a citizen
of the United States of America.

IV.

Plaintiff is the daughter of Henry
Kirschenmann and Adeline Kirschen-
mann, having been born on May 11,
1935, and attained her majority on the
11th day of May, 1956.

V.

On the 12th day of May, 1956, plain-
tiff was married to Donald Rigdon, and
prior to that time her name was Shirley
May Kirschenmann.

## VI.

On January 8, 1944, Edward Kirschenmann filed a petition for appointment of guardian of the estate of the plaintiff, a minor child of Henry and Adeline Kirschenmann, with the Clerk of the Superior Court of the State of California in and for the County of Kern.

## VII.

On February 7, 1944, Edward Kirschenmann was duly appointed guardian of plaintiff's estate in appropriate proceedings in the Superior Court of the State of California, in and for the County of Kern, and said Edward Kirschenmann was the duly appointed, qualified and acting guardian of the estate of plaintiff until on or about June 11, 1954, at which time he resigned as said guardian and Margaret Spoerer was duly appointed guardian of the estate of plaintiff, and said Margaret Spoerer was the duly appointed, qualified and acting guardian of the estate of plaintiff until plaintiff attained her majority.

## VIII.

On August 25, 1943, Henry and Adeline Kirschenmann agreed to buy from Margaret P. Osborne the real property situated in the County of Kern, State of California, described as:

Southwest Quarter (SW¼) of Section Fifteen (15) Township ¶ Thirty (30) South, Range Twenty-Nine (29) East,

for the consideration of $32,000.00 to be paid as follows: $8,000.00 upon the execution of the agreement, $8,000.00 one year after date of agreement, $8,000.00 two years after date of agreement, and $8,000.00 three years after the date of the agreement.

## IX.

On January 7, 1944, Henry Kirschenmann and Adeline Kirschenmann without a valuable consideration executed grant deeds to said quarter section of land by which they conveyed said land to plaintiff. The said deeds were recorded January 8, 1944, in the office of the County Recorder of Kern County, California.

## X.

The guardianship proceeding leading to the appointment of Edward Kirschenmann as guardian of the estate of plaintiff and the gift and transfer to plaintiff by grant deeds of the said real property by Henry Kirschenmann and Adeline Kirschenmann were all one transaction.

## XI.

Notwithstanding the gift of said quarter section of land by Henry Kirschenmann and Adeline Kirschenmann to plaintiff, as stated in paragraph IX hereof, and the creation of the guardianship of the estate of plaintiff, Henry Kirschenmann exercised the same possession and control over said real property as he had before the gift and creation of the guardianship.

## XII.

After appointment of Edward Kirschenmann as guardian of the estate of plaintiff, and pursuant to an order of the Superior Court of the State of California, in and for the County of Kern, said guardian leased said real property, hereinabove described, to Henry Kirschenmann under an agricultural lease on a share crop rental for a five (5) year term commencing July 1, 1944, and ending June 30, 1949.

## XIII.

Pursuant to the terms of said agricultural lease Henry Kirschenmann farmed the leased premises and produced and harvested crops therefrom in each of the years 1944 through 1948, inclusive.

## XIV.

Henry Kirschenmann, after harvesting the crop from said leased premises during each of the years 1944, 1945, 1946, 1947 and 1948, paid to Edward Kirschenmann, as guardian of the estate of plaintiff, purported rental by virtue of said lease for each of said years

as follows: for the year 1944, $19,412.-54; for the year 1945, $22,351.65; for the year 1946, $21,346.94; for the year 1947, $7,200.00; and for the year 1948, $15,000.00.

## XV.

The said payments set forth in paragraph VIX hereof, by Henry Kirschenmann to Edward Kirschenmann, as guardian of the estate of plaintiff, purportedly as rental for each of the years 1944, 1945, 1946, 1947 and 1948, were not required to be made as a condition to the continued use or possession of the subject real property for the purposes of Henry Kirschenmann's trade or business.

## XVI.

Henry Kirschenmann and Adeline Kirschenmann, his wife, claimed in their separate income tax returns for the years 1944, 1945, 1946, and 1947, and in their joint income tax return for the year 1948, as an expense of carrying on their farming operations under said lease covering said real property, the said payments to Edward Kirschenmann, as guardian of the estate of plaintiff, as purported rental by virtue of said lease for each of said years as follows: for the year 1944, $19,412.54; for the year 1945, $22,351.65; for the year 1946, $21,346.94; for the year 1947, $7,200.-00; and for the year 1948, $15,000.00.

## XVII.

Edward Kirschenmann, as guardian of the estate of plaintiff, reported as income in the income tax returns filed for plaintiff, for each of the years 1944, 1945, 1946, 1947 and 1948, the purported rental received from Henry Kirschenmann under said agricultural lease as follows: reported as income in the income tax return for the year 1944, $19,412.54; reported as income in the income tax return for the year 1945, $22,351.65; reported as income in the income tax return for the year 1946, $21,346.94; reported as income in the income tax return for the year 1947, $7,200.00; and reported as income in the income tax return for the year 1948, $15,000.00.

## XVIII.

Within the time prescribed by law, Federal income tax returns were duly executed in the name of, and filed for, the plaintiff with the Commissioner of Internal Revenue, through the Collector of Internal Revenue for the Sixth District of California, for each of the taxable years ended December 31, 1944, December 31, 1945, December 31, 1946, December 31, 1947 and December 31, 1948, on Form 1040 issued by the Treasury Department of the United States. The said income tax returns for said taxable years showed tax liability as follows: for the year 1944, $5,229.41; for the year 1945, $6,938.60; for the year 1946, $6,196.50; for the year 1947, $784.00; and for the year 1948, $2,774.00. The tax shown to be due by each of said income tax returns was duly paid by plaintiff's duly appointed guardian for and on her behalf to defendant at the times and in the manner provided by law.

## XIX.

The Commissioner of Internal Revenue, through the Internal Revenue Agent in Charge, Los Angeles Division, made a redetermination of the income tax liability of said Henry Kirschenmann and said Adeline Kirschenmann, his wife, for the taxable year ended December 31, 1944, and in making said redetermination disallowed as an ordinary and necessary expense of doing business the purported rental in the sum of $19,-412.54 paid as aforesaid to Edward Kirschenmann as guardian of the estate of plaintiff.

## XX.

Henry Kirschenmann and Adeline Kirschenmann paid the deficiencies in income tax resulting from the disallowance, as an ordinary and necessary expense of doing business, of the purported rental paid for the year 1944, under said agricultural lease, and thereafter they filed claims for refund therefor

with the Collector of Internal Revenue for the Sixth District of California, which said claims for refund were rejected by the Commissioner of Internal Revenue.

### XXI.

After rejection of said claims for refund, as aforesaid, Henry Kirschenmann and Adeline Kirschenmann filed suit thereon in the District Court of the United States, Southern District, Northern Division, which resulted in a decision adverse to them. From said adverse judgment Henry Kirschenmann and Adeline Kirschenmann appealed to the United States Court of Appeals, Ninth Circuit. Said United States Court of Appeals affirmed the judgment of the District Court, 225 F.2d 69. Thereafter, Henry Kirschenmann and Adeline Kirschenmann filed a petition for certiorari with the Supreme Court of the United States and said petition was denied on October 10, 1955, 350 U.S. 834, 76 S.Ct. 70, 100 L.Ed. 744. The mandate was issued by the said Court of Appeals on October 24, 1955.

### XXII.

The United States District Court in said actions in which Henry Kirschenmann and Adeline Kirschenmann were plaintiffs, as aforesaid, made its conclusions of law that the property which Henry Kirschenmann purported to rent from Edward Kirschenmann as guardian of the estate of plaintiff, was property in which Henry Kirschenmann and Adeline Kirschenmann retained an interest or equity and that the Commissioner of Internal Revenue properly refused to allow a deduction in the determination of their income tax liabilities for the year 1944 for rent paid pursuant to the terms of said lease as an ordinary and necessary expense of doing business by said Henry Kirschenmann and said Adeline Kirschenmann.

### XXIII.

The Commissioner of Internal Revenue, through the Internal Revenue Agent in Charge, Los Angeles Division, made redeterminations of the income tax liabilities of Henry Kirschenmann and Adeline Kirschenmann for the taxable years ended December 31, 1945, December 31, 1946, December 31, 1947 and December 31, 1948, and in making said redeterminations disallowed as ordinary and necessary expenses in doing business in said taxable years the purported rental under said lease paid to Edward Kirschenmann as guardian of the estate of plaintiff, and claimed as ordinary and necessary expenses of doing business in their income tax returns for said taxable years as follows: for the year 1945, $22,351.65; for the year 1946, $21,346.94; for the year 1947, $7,200.00; and for the year 1948, $15,000.00.

### XXIV.

Henry Kirschenmann and Adeline Kirschenmann paid the deficiencies in income tax assessed against them for each of the taxable years ended December 31, 1946, December 31, 1947, and December 31, 1948, resulting from the disallowance as ordinary and necessary expenses of doing business of said purported rental under said lease paid in each of said taxable years, as aforesaid, and thereafter on March 12, 1958, filed claims for refund therefor with the District Director of Internal Revenue at Los Angeles, California, which said claims have not been acted upon by the Internal Revenue Service. On March 15, 1949, Henry Kirschenmann and Adeline Kirschenmann filed claims for refund for the taxable year ended December 31, 1945, on grounds not here pertinent. Thereafter, said claims were examined by the Internal Revenue Service, and on January 11, 1950, a report thereon was issued. No other action has been taken on said claims by the Internal Revenue Service.

### XXV.

The plaintiff had no taxable net income for any of the taxable years ended December 31, 1944, December 31, 1945, December 31, 1946, December 31, 1947

and December 31, 1948, and therefore had no income tax liability for any of said taxable years. The sums paid by plaintiff to defendant as income tax for each of said taxable years, as aforesaid, were not due at any time to defendant as tax, or otherwise, or at all, and were erroneously and illegally assessed and collected by defendant from plaintiff.

## XXVI.

On the 7th day of May, 1956, Margaret Spoerer as guardian of the estate of plaintiff, duly made and filed with the Commissioner of Internal Revenue, through the District Director of Internal Revenue for the Los Angeles District of California, plaintiff's written claims for refund of income tax for each of the taxable years ended December 31, 1944, December 31, 1945, December 31, 1946, December 31, 1947 and December 31, 1948, in which refunds were claimed as follows: for the year 1944, $5,229.41; for the year 1945, $6,938.60; for the year 1946, $6,196.50; for the year 1947, $784.00; and for the year 1948, $2,774.-00. Each and all of said claims for refund were rejected by statutory notice of disallowance on December 16, 1958.

## XXVII.

The income tax erroneously assessed against plaintiff for the taxable years ended December 31, 1944, December 31, 1945, December 31, 1946, December 31, 1947 and December 31, 1948, was paid by plaintiff to defendant for each of said years in the amounts and at the times as follows: for the year 1944, $5,-229.41 was paid on March 15, 1945; for the year 1945, $6,938.60 was paid on March 15, 1946; for the year 1946, $6,-196.50 was paid on March 15, 1947; for the year 1947, $784.00 was paid on March 15, 1948; and for the year 1948, $2,774.00 was paid on March 15, 1949.

## XXVIII.

Insofar as the farming operations conducted by Henry Kirschenmann on the said land, conveyed by him and Adeline Kirschenmann, his wife, to plaintiff as a gift, the exercise of possession and control over said land, and the payment of the purported rental (except as to amounts) under the terms of said lease during the years subsequent to 1944, are concerned, they do not materially differ from the year 1944.

The following Conclusions of Law, insofar as they may be considered Findings of Fact, are so found by this Court to be true in all respects.

From the foregoing facts the Court concludes:

## CONCLUSIONS OF LAW

### I.

The Court has jurisdiction of this action and of the parties thereto.

### II.

There was a determination, as defined in Section 1313 of the Internal Revenue Code of 1954, for the year 1944 and for each of the years 1945, 1946, 1947 and 1948, 26 U.S.C.A. § 1313.

### III.

The plaintiff and her parents, Henry Kirschenmann and Adeline Kirschenmann, were related taxpayers within the meaning of Section 1312(1) of the Internal Revenue Code of 1954, for each of the taxable years ended December 31, 1944, December 31, 1945, December 31, 1946, December 31, 1947 and December 31, 1948.

### IV.

The disallowance by the Commissioner of Internal Revenue of the deduction of the rental payments made during each of the years 1944, 1945, 1946, 1947, and 1948 by Henry Kirschenmann to Edward Kirschenmann as guardian of plaintiff's estate required the inclusion, within the meaning of Section 1312(1) of the Internal Revenue Code of 1954, of the amounts thereof in the gross income of Henry Kirschenmann and Adeline Kirschenmann in the determination of their income tax liabilities for the taxable years ended December 31, 1944, De-

**272**

cember 31, 1945, December 31, 1946, December 31, 1947 and December 31, 1948, which said items of rentals had been erroneously included in the gross income of plaintiff for the determination of her income tax liability for each of the said years in which payment thereof was made by Henry Kirschenmann to the said guardian of her estate as aforesaid.

## V.

The defendant has maintained an inconsistent position under Section 1311 of the Internal Revenue Code of 1954 with respect to the purported rentals paid during the years 1944, 1945, 1946, 1947 and 1948 to Edward Kirschenmann as guardian of plaintiff's estate by Henry Kirschenmann and claimed by him and Adeline Kirschenmann, his wife, in their Federal income tax returns for said years as ordinary and necessary expenses of doing business, and reported as rental income in the Federal income tax returns for said years filed for plaintiff by the said guardian of her estate. This inconsistency has resulted in the double inclusion of an item of gross income as defined in Section 1312(1) of the Internal Revenue Code of 1954.

## VI.

The written claims for refund of income tax made and filed for and on behalf of plaintiff by Margaret Spoerer, as guardian of the estate of plaintiff, with the Commissioner of Internal Revenue, through the District Director of Internal Revenue for the Los Angeles District of California for each of the taxable years ended December 31, 1944, December 31, 1945, December 31, 1946, December 31, 1947 and December 31, 1948, in which refunds were claimed are as follows: for the year 1944, $5,229.41; for the year 1945, $6,938.60; for the year 1946, $6,196.50; for the year 1947, $784.00; and for the year 1948, $2,774.00; and were timely filed and were not barred by the statute of limitations.

## VII.

Edward Kirschenmann, as guardian of the estate of plaintiff, erroneously reported as income in the income tax returns filed for plaintiff for the taxable years ended December 31, 1944, December 31, 1945, December 31, 1946, December 31, 1947 and December 31, 1948, the purported rental received from Henry Kirschenmann during said taxable years in the respective amounts of $19,412.54, $22,351.65, $21,346.94, $7,200.00 and $15,000.00.

## VIII.

Plaintiff had no taxable income for any of the taxable years ended December 31, 1944, December 31, 1945, December 31, 1946, December 31, 1947 and December 31, 1948.

## IX.

Defendant erroneously and illegally assessed and collected from defendant income taxes as follows: for the taxable year ended December 31, 1944, $5,229.41; for the taxable year ended December 31, 1945, $6,938.60; for the taxable year ended December 31, 1946, $6,196.50; for the taxable year ended December 31, 1947, $784.00; and for the year 1948, $2,774.00.

## X.

The conclusions of law of the Court, as set forth in its Memorandum and Order filed April 3, 1962, are incorporated herein by reference and made a part hereof.

## XI.

Plaintiff is entitled to judgment against defendant in the sum of $21,922.51, said sum being income tax erroneously and illegally collected from plaintiff as follows: for the year 1944, $5,229.41; for the year 1945, $6,938.60; for the year 1946, $6,196.50; for the year 1947, $784.00; and for the year 1948, $2,774.00; together with interest thereon as provided by law as follows: interest on $5,229.41 from March 15, 1945; interest on $6,938.60 from March 15, 1946; interest on $6,196.50 from March 15, 1947; interest on $784.00 from March 15, 1948; and interest on

$2,774.00 from March 15, 1949; and for plaintiff's costs of suit herein.

## JUDGMENT

In accordance with the foregoing find-, ings of fact and conclusions of law; IT IS ORDERED, ADJUDGED AND DE-CREED:

That plaintiff have judgment against defendant for the sum of $21,922.51, together with interest as provided by law at the rate of six (6) percent per annum as follows: on the sum of $5,229.41 from March 15, 1945; on the sum of $6,938.60 from March 15, 1946; on the sum of $6,196.50 from March 15, 1947; on the sum of $784.00 from March 15, 1948; and on the sum of $2,774.00 from March 15, 1949; together with plaintiff's costs of suit herein.