UNITED STATES of America, Appellant,

v.

Shirley May RIGDON, formerly Shirley May Kirschenmann, Appellee.

No. 18266.

United States Court of Appeals Ninth Circuit.

Oct. 3, 1963.

John B. Jones, Jr., Acting Asst. Atty. Gen., Lee A. Jackson, David O. Walter, and Richard J. Heiman, Attorneys, Department of Justice, Washington, D. C., Francis C. Whelan, U. S. Atty., Chief, Tax Section, and Herbert D. Sturman, Asst. U. S. Atty., Los Angeles, Cal., for appellant.

Deadrich & Bates, and Lloyd G. Rainey, Beverly Hills, Cal., for appellee.

Before HAMLEY and KOELSCH, Circuit Judges, and MacBRIDE, District Judge.

MacBRIDE, District Judge.

This is an action by Shirley May Rigdon (formerly Shirley May Kirschenmann) to recover taxes alleged to have been erroneously or illegally collected.

The facts may be stated as follows, for purposes of this appeal:[1]

██ Henry Kirschenmann and his wife conveyed their interest in a quarter section of farm land to their minor daughter, Shirley, without consideration. One day after the conveyance, Edward Kirschenmann, Shirley's uncle, filed a petition for appointment as guardian of her estate. One month after the conveyance, he was appointed guardian of her estate. Two weeks later, acting for Shirley, he leased the land back to the parents. Henry Kirschenmann exercised the same control over the land after the conveyance and creation of the guardianship as he had before. The rent paid by the parents under the lease was not required to be made as a condition of their continued use or possession of the land.

The Government disallowed the rent paid by the parents under the lease as a deduction from the gross income of the parents for each of the years from 1944 to and including 1948.[2] The guardian

---

1. See Rigdon v. United States, D.C., 197 F. Supp. 150, 151; Rigdon v. United States, 209 F.Supp. 267 (U.S.D.C.Calif.1961).

2. In view of our disposition herein and the basis therefor, we may assume, without holding, this to be the fact. See

reported the rent received from the parents as income to Shirley for those years.

In 1956, Shirley (appellee herein) brought the present action to recover taxes paid from her estate for those years on such rental. The Government moved for dismissal, urging that the action was barred by the statute of limitations and that sections 1313–1315 of the Internal Revenue Code of 1954, which mitigate the bar of the statute of limitations in certain cases, were inapplicable.

The District Court denied the motion to dismiss, 197 F.Supp. 150, and, subsequently, entered judgment for Shirley, 209 F.Supp. 267.

It is not disputed that unless the mitigation provisions apply, the action is barred by the three year statute of limitations. Int.Rev.Code of 1939, § 322(b).

For the mitigation provisions to apply, three elements must be present: (1) One of the circumstances of adjustment specified in section 1312 must exist. (2) There must have been a "determination" for each of the years in question. (3) The Commissioner of Internal Revenue must have maintained an inconsistent position. § 1311.

We hold that the first element is not present in this case and, therefore, that the mitigation provisions are inapplicable and the District Court erred in denying the Government's motion to dismiss.

The District Court held, and appellee now urges, that the circumstance of adjustment specified in subsection (1) of section 1312 exists in this case. That subsection provides for adjustment when a determination requires the inclusion in gross income of an item which was erroneously included in the gross income of a "related taxpayer." This provision presents several questions, only one of which need be decided at this time: Were Shirley and her parents "related taxpayers?"

The term is defined in subdivision (c) of section 1313, which enumerates seven relationships. The parent-child relationship is not one of the relationships enumerated therein; and the legislative history indicates that the donor-donee and lessor-lessee relationships were intentionally removed from the statute.[3] Thus, if Shirley and her parents are to be held "related taxpayers," they must come within another of the enumerated relationships.

■ One of the enumerated relationships is that of grantor and beneficiary. § 1313(c) (3). The District Court held that Shirley and her parents stood in this relationship. In so holding, it relied on California law. Such reliance is proper. Taxeraas v. United States, 269 F.2d 283 (8th Cir. 1959).

Under California law, the guardianward relationship is "subject to the provisions of law relating to trusts." Cal. Prob.Code § 1400. Thus, Shirley, the ward, and her uncle, the guardian, in effect, stood in a beneficiary-trustee relationship. Guardianship of Reynolds, 60 Cal.App.2d 669, 141 P.2d 498 (1943).

However, it does not necessarily follow from this that Shirley and her parents stood in a beneficiary-grantor relationship; and we are concerned here with the relationship between Shirley and her parents, not between Shirley and her uncle.

If X conveys land to Y in trust for Z, X is the grantor, and Z the beneficiary, of the trust. But if X conveys the land to Z and one month later Z himself conveys the land to Y in trust for Z, then Z, not X, is the grantor (and the beneficiary as well) of the trust. 1 Restatement of Trusts 2d, § 114

Kirschenmann v. Westover, 225 F.2d 69 (9th Cir. 1955), cert. denied 350 U.S. 834, 76 S.Ct. 70, 100 L.Ed. 744; Rigdon v. United States, D.C., 197 F.Supp. 150, 152.

3. Conference Committee Rep. No. 2330, 75th Cong. 3d Sess., pp. 58 and 59, as

quoted in Mertens, Law of Federal Income Taxation v. 2, § 14.15, fn. 4 (1961 revision), which relates specifically to Section 820 of the Revenue Act of 1938, the predecessor and substantial equivalent of the present statute.

The present case is, we conclude, closer to the second hypothetical set of facts than to the first.

The District Court found that the conveyance from Henry Kirschenmann and his wife to Shirley and the guardianship proceedings were "all one transaction." 209 F.Supp. 267, 268. We hold, as a matter of law, that, for purposes of the mitigation provisions, they were separate and distinct transactions. The conveyance was directly to Shirley, not to a guardian or trustee for the benefit of Shirley. The creation of the guardianship did not occur until one month after the conveyance. Although they may have originated in a common scheme,[4] the conveyance and the guardianship were consummated separately. Nothing in the record or in California law requires a different conclusion. Shirley's parents were grantors, but of an absolute conveyance, not of a conveyance in trust. Thus, Shirley and her parents were grantee and grantor; and Shirley and her uncle were, in effect, beneficiary and fiduciary. But she and her parents were not beneficiary and grantor.

A liberal interpretation of the statutory language here in question might result in a different conclusion. But such an interpretation would, we conclude, be contrary to the clearly expressed legislative intent to exclude the donor-donee relationship, as such, from the phrase "related taxpayer."[5] Moreover, "since the act is in effect an exception to the statute of limitations, under certain circumstances only, and Congress intended to 'preserve unimpaired the essential function of the statute of limitations,' one claiming the benefits thereof must assume the burden of proving the existence of the prerequisites to its applicability." Taxeraas v. United States, supra, 269 F.2d 289.

None of the other relationships enumerated in subdivision (c) of section 1313 applies, nor are any of the other circumstances of adjustment specified in section 1312 present, in this case.

In view of the foregoing, we hold that the District Court erred in denying the Government's motion to dismiss; and, therefore, the judgment below must be, and is hereby,

Reveresed.

---

4. In this connection, we note that the petition for guardianship was filed one day after the conveyance.

5. Footnote 3, supra.