*Decision will be entered under Rule 50.*

GEORGE L. BLANTON AND FANNIE BLANTON, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5840–64. Filed July 28, 1966.

*Arthur Glover*, for the petitioners.
*D. Ronald Morello*, for the respondent.

FAY, *Judge:* Respondent determined a deficiency in petitioners' Federal income tax in the amount of $915.74 for the taxable calendar year 1963.

The sole issue presented for decision is whether petitioners are entitled to a deduction in the amount of $3,600 for repayment made by petitioner George L. Blanton to his corporate employer of

amounts determined by the Internal Revenue Service to constitute excessive compensation. Petitioners did not contest respondent's disallowance of another deduction in the amount of $135 taken in their 1963 Federal income tax return.

Some of the facts are stipulated and as stipulated are so found.

Petitioners George L. Blanton (hereinafter referred to as petitioner) and Fannie Blanton filed their Federal joint income tax return with the district director of internal revenue, Dallas, Tex.

During the calendar years 1959 through 1961, petitioner was a full-time employee (manager), officer (secretary treasurer), and director of Flagg Grain Co., Inc. (hereinafter referred to as the corporation), a Texas corporation.

Stock in the corporation was owned as follows:

|  | Percent |
|---|---|
| Petitioner | 24. 8 |
| Carl Bruegel | 24. 8 |
| Fred Bruegel, Jr | 24. 8 |
| J. R. Brown | 24. 8 |
| Fred Bruegel, Sr | . 8 |
|  | 100. 0 |

During each of the years 1959 through 1961, petitioner received from the corporation $2,400 as compensation for serving as a corporate director.

Petitioner used the total salary, including director's fees, paid to him by the corporation in the years 1959 through 1961 without restrictions or conditions.

During an audit of the corporation's Federal income tax return in 1963, respondent determined that the fees paid to the directors of the corporation were excessive. Only one-half of the fees paid to petitioner in each of the years 1959 through 1961 ($1,200 a year, totaling $3,600) was allowed by respondent as a deduction to the corporation. The corporation agreed to respondent's adjustment and paid the resulting tax.

Subsequent to the years in which the salaries were received, but not earlier than late 1962, a written contract was executed between the corporation and the officers and directors thereof. This contract provided that in the event the Internal Revenue Service determines that corporate salaries paid to any of the "officer employees" (presumably including directors) are excessive, said officer-employees will repay the excessive portions to the corporation.

During the year 1963 petitioner repaid the corporation the amount of $3,600 which amount was determined by the Internal Revenue

Service in 1963 to constitute excessive compensation received over the years 1959 through 1961.

In their Federal joint income tax return for the calendar year 1963, petitioners claimed a deduction in the amount of $3,600 for the repayment of excessive compensation.

In his notice of deficiency, respondent disallowed petitioners' deduction for excessive compensation repaid to the corporation.

### OPINION

Petitioner unconditionally received from the corporation director's fees of $2,400 in each of the taxable years 1959, 1960, and 1961. During an audit of the corporation in 1963, the Internal Revenue Service determined that one-half of the director's fees paid to the petitioner and the other directors in the years mentioned above were excessive. Subsequent to the years in which the salaries were received by petitioner, but not earlier than late 1962, a contract was executed between the corporation and its directors, including petitioner, which provided for the repayment to the corporation of director's fees to the extent such fees were determined to be excessive by the Internal Revenue Service. In 1963, pursuant to the above-said contract, petitioner repaid the corporation $3,600, representing one-half of the total amount of director's fees which he received in 1959, 1960, and 1961. The sole issue before us is whether petitioners are entitled to a deduction of $3,600 in 1963 for the repayment of director's fees.

Firstly, we do not believe that the repayment by petitioner to the corporation of any portion of the fees which he received as a director is deductible under the provisions of section 1341. The relevant portions of that section provide as follows:

(a) GENERAL RULE.—If—

(1) an item was included in gross income for a prior taxable year (or years) because it appeared that the taxpayer had an unrestricted right to such item;

(2) a deduction is allowable for the taxable year because it was established after the close of such prior taxable year (or years) that the taxpayer did not have an unrestricted right to such item or to a portion of such item: and

(3) the amount of such deduction exceeds $3,000, * * *

There is no question that petitioner had an "unrestricted right" to the director's fees in the years such fees were received from the corporation. Thus, the sole question we must answer with respect to section 1341 is whether or not "it was established after the close of such prior taxable year (or years) that * * * [petitioner] did not have an unrestricted right to * * * a portion of such item[s]"—to wit, the director's fees.

It is irrelevant for present purposes to determine (1) whether petitioner was legally bound by the aforementioned contract to return one-half of the director's fees to the corporation or (2) whether such contract was entered into before or after the audit by the Internal Revenue Service was instituted. Under section 1341(a)(2), the requisite lack of an unrestricted right to an income item permitting deduction must arise out of the circumstances, terms, and conditions of the *original* payment of such item to the taxpayer and not out of circumstances, terms, and conditions imposed upon such payment by reason of some subsequent agreement between payor and payee. Cf. *United States* v. *Simon*, 281 F. 2d 520 (C.A. 6, 1960); *Joseph P. Pike*, 44 T.C. 787, 799 (1965), on appeal (C.A. 6, Feb. 21, 1966). According to the circumstances, terms, and conditions of the original payments of director's fees to petitioner, petitioner was never obligated at any time to return any portion of said fees to the corporation. It was only after petitioner received the director's fees that he voluntarily entered into the repayment contract which may or may not have been binding upon him. However, the fact that the contract may have been binding upon petitioner does not change the essentially voluntary nature of his decision to enter into it.

We do not believe that, as a result of the Internal Revenue Service's finding of excessive compensation, petitioner was, or actually believed himself to be, required by Texas law to return any portion of the director's fees. A mere determination by the Internal Revenue Service that certain compensation is excessive is not in any sense conclusive that such compensation is excessive for purposes of State law or even Federal tax law.

Petitioner's reliance upon *Wetstone* v. *United States*, an unreported case (D. Conn. 1960, 5 A.F.T.R. 2d 1486, 60–1 U.S.T.C. par. 9452), in support of his position is misplaced. The *Wetstone* case involved the validity of a deduction for the repayment of salaries to a partnership. The District Court therein believed that the taxpayer sought to take the deduction because he believed that the original salary payments to him may have been legally improper. In the instant case, there were no terms or conditions surrounding the original payment of the director's fees which in any way would lead petitioner to conclude that he lacked an unrestricted right to such amounts. Hence, the deduction is not allowed under the provisions of section 1341.

Secondly, section 162 does not permit petitioner to deduct the repayment in issue as an ordinary and necessary business expense. Although petitioner testified that (1) he believed that the contract was binding and (2) repayment was a financial hardship, there is nothing in the record to establish affirmatively that repayment to the corporation rendered petitioner any business benefit or was in any

sense ordinary and necessary to his position as corporate director, officer, and employee.

We are not aware of any other provision of the Internal Revenue Code under which petitioner's repayment would be deductible and, accordingly, we hold for respondent.

*Decision will be entered for the respondent.*