# United States Tax Court

T.C. Memo. 2022-108

RICHARD J. O'NEILL TRUST, ANTHONY R. MOISO, TRUSTEE,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 20840-17.                          Filed October 27, 2022.

————

*Courtney A. Hopley*, *G. Michelle Ferreira*, and *Jeffrey Cardin Joy*, for petitioner.

*Hans Famularo* and *Kevin W. Coy*, for respondent.


## MEMORANDUM OPINION

KERRIGAN, *Chief Judge*:  This case is before the Court on the parties' Cross-Motions for Partial Summary Judgment.  On July 17, 2017, respondent issued to the Richard J. O'Neill Trust (trust) a notice of deficiency in which respondent determined a deficiency of $1,554,917 for tax year 2014.  In the notice respondent determined that the trust was not entitled to the refund of $1,537,780 it received for the year at issue and must therefore return the refund proceeds.

Respondent contends that the trust does not have a claim of right upon which to base its application for tentative refund.[1]  The trust, by contrast, asserts that the Form 1045, Application for Tentative Refund, it filed in October 2015 satisfies the claim of right requirements under

————

[1] Although an application for tentative refund does not qualify as a refund claim, the parties refer to it as a refund claim.  For simplicity we also refer to it as a refund claim.

[*2] section 1341 and thereby entitles the trust to retain the refund.[2] The trust further contends that even if it is not entitled to the refund under claim of right, that it is entitled to the refund under the mitigation provisions of sections 1311 through 1314 or, alternatively, under a theory of equitable recoupment.

*Background*

There is no dispute as to the following facts drawn from the parties' Motion papers and attached Exhibits. When the Petition was timely filed, the trust's legal residence was in California.

The trust was established April 18, 1968, as a revocable trust. It became an irrevocable trust upon the death of decedent, its creator, on April 4, 2009. Before his death, decedent transferred his assets to the trust. At the time of his death, the trust held an 86.12% ownership interest in RMV Total Diversification, LLC (RMV).

RMV is a limited liability company and is a partnership pursuant to the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA).[3] RMV sold capital gain assets during 2009 and 2010, which resulted in flowthrough income to the trust. The trust reported this income on its Forms 1041, U.S. Income Tax Return for Estates and Trusts, for 2009 and 2010.

Following decedent's death, his estate borrowed money from RMV in the form of a *Graegin* loan on which it was charged a 9% interest rate. *See Estate of Graegin v. Commissioner*, T.C. Memo. 1988-477. The interest paid to RMV by the estate resulted in flowthrough income for the trust, which the trust reported as income.

---

[2] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

[3] Before its repeal, TEFRA, Pub. L. No. 97-248, §§ 401–407, 96 Stat. 324, 648–71, governed the tax treatment and audit procedures for many partnerships. TEFRA was replaced by the Bipartisan Budget Act of 2015 (BBA), Pub. L. No. 114-74, § 1101(a), (c)(1), (g), 129 Stat. 584, 625, 638. For partnership returns filed for years beginning after November 2, 2015, and before January 1, 2018, partnerships were able to elect to apply the procedures of the BBA instead of those of TEFRA. *See* BBA § 1101(a), 129 Stat. at 638.

**[\*3]**    The estate timely filed Form 706, United States Estate (and Generation-Skipping Transfer) Tax Return, on June 30, 2010. The Commissioner proposed adjustments to the estate's Form 706. The estate objected to the proposed adjustments and filed a Petition with this Court.

The parties reached a settlement with the IRS Appeals Office, and on February 3, 2015, this Court entered a decision in *Estate of Richard J. O'Neill, Deceased, Anthony R. Moiso, Executor v. Commissioner*, Docket No. 19822-13 (related case).[4] This decision resulted in two adjustments relevant to this case: (1) the value of the estate's interest in RMV was adjusted from $30,725,000 to $40,614,822 under section 2036 and (2) the estate was limited to a deduction of 6% on the note (instead of the 9% claimed). The note was subsequently rewritten, resulting in a $500,538 reduction of accrued interest to the trust for 2010.

In October 2015 the trust filed a timely tentative claim for refund on Form 1045 for the 2014 tax year under a claim of right theory. The tentative claim for refund was to recover an overpayment of income tax paid by the trust for the 2009 and 2010 tax years. RMV did not file an amended partnership income tax return for 2009, 2010, 2014, or 2015. The trust did not file Form 8082, Notice of Inconsistent Treatment or Administrative Adjustment Request (AAR), with respect to RMV for 2009, 2010, 2014, or 2015.

## Discussion

Summary judgment may be granted where the pleadings and other materials show there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); *Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994). The burden is on the moving party to demonstrate that there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law. *FPL Grp., Inc. & Subs. v. Commissioner*, 116 T.C. 73, 74–75 (2001). Both parties have moved for partial summary judgment, and they agree there exist no genuine disputes of material fact regarding the questions they have asked us to decide. After reviewing the pleadings and Motions with

---

[4] On July 1, 2019, the IRS Office of Appeals was renamed the IRS Independent Office of Appeals. *See* Taxpayer First Act, Pub. L. No. 116-25, § 1001, 133 Stat. 981, 983 (2019). We will use the name in effect at the times relevant to this case, i.e., the Office of Appeals or Appeals.

[*4] accompanying Exhibits, we conclude that a decision may be rendered as a matter of law.

I.     *Claim of Right*

Section 1341 addresses instances in which a taxpayer includes an item in gross income for a prior taxable year because it appeared that the taxpayer had an unrestricted right to the item of income. A deduction is allowed after the close of the prior taxable year if it is established that the taxpayer did not have an unrestricted right to that item. § 1341(a). Pursuant to section 1341 a taxpayer may be eligible for a refund.

For the purposes of section 1341, the original "circumstances, terms, and conditions" of the payment of an income item determine whether the taxpayer has an unrestricted right to it. *Blanton v. Commissioner*, 46 T.C. 527, 530 (1966) (holding that claim of right does not apply when the taxpayer was not obligated to return any portion of income received per the circumstances, terms, and conditions of the original payments), *aff'd*, 379 F.2d 558 (5th Cir. 1967). A taxpayer's unrestricted right to an income item that is not subject to contingent repayment cannot be altered by subsequent agreements. *Id.*

A.     *Procedural Issues*

Claim of right under section 1341 does not apply in this case for several reasons, the first being that the trust was not the appropriate taxpayer to file a claim for refund. The trust filed a refund claim on the basis of flowthrough income it received as a partner of RMV.

Under TEFRA, treatment of partnership items must be decided at the partnership level. § 6221; Treas. Reg. § 301.6231(a)(3)-1. Partners must treat any income received from the partnership in a manner consistent with the treatment of that income at the partnership level. § 6222(a). In certain instances, a partner may seek to treat income received from a partnership in a manner inconsistent with the income item's treatment at the partnership level. § 6662(b); § 6227(a). To do so, a partner must file Form 8082. Form 8082 may also be filed by a partner as a protective claim for refund.

Both the capital gain and interest income (income items) the trust received as a partner of RMV are partnership items. *See* Treas. Reg. § 301.6231(a)(3)-1. RMV has not filed an amended return for 2009 or 2010. The trust did not file Form 8082 either in recognition of its

[*5] inconsistent treatment of these income items or as a protective claim for refund with respect to the examination issues arising from the related case.

B.    *Substantive Issues*

Even if there were no procedural issues with the trust's refund claim, the trust would still fail to satisfy the substantive requirements of section 1341.

In 2009 and 2010 RMV sold capital assets, resulting in capital gain allocable to the trust. The trust claims that RMV understated its basis in the sale of the capital assets, which effectively resulted in the trust's overstating its capital gain. The trust argues that this basis adjustment created a claim of right with respect to the overstated capital gain.

The parties do not dispute that RMV, and therefore the trust, had an unrestricted right in the capital assets sales proceeds. No portion of this item was repaid or otherwise restored as a result of legal or contractual disputes surrounding RMV's right to the item. RMV's unrestricted right to the sales proceeds never ceased to exist, meaning that the trust's right to the flowthrough income was also unrestricted. Because the trust's right to the income items was at all times unrestricted, section 1341 does not apply.

Additionally, section 1341 addresses issues relating to a taxpayer's right to an income item. An adjustment to basis relates to the value of an income item and is independent from a taxpayer's right to the income item. Because the trust's unrestricted right to the capital gain was unaffected by the adjustment to basis, section 1341 does not apply and the trust does not have a claim of right.

The trust's refund claim also contends that the decision in the related case created a claim of right under section 1341 with respect to the interest income paid to RMV by the estate. The decision in the related case limited the amount of interest deductible by the estate to 6%, rather than the entirety of the 9% agreed upon in the note. Following the decision in the related case, RMV and the estate voluntarily renegotiated the terms of the note, decreasing the interest paid by the estate to RMV from 9% to 6%.

RMV's decision to voluntarily renegotiate the terms of the note to reflect the decision in the related case does not retroactively restrict its

**[\*6]** right to the interest income reported for the prior tax year. RMV at all relevant times had an unrestricted right to the interest income. The trust, therefore, does not have a claim of right upon which to base its claim for refund.

## II.     *Mitigation Provisions*

Sections 1311 through 1314 (mitigation provisions) allow for filing of a refund claim within one year from the date a proper determination becomes final. To claim the benefits of the mitigation provisions, a taxpayer must show that (1) there was a determination as defined by section 1313(a); (2) the determination falls within specified circumstances of adjustment set forth in section 1312; and (3) the party against whom the mitigation provisions are being invoked has maintained a position inconsistent with the challenged erroneous inclusion, exclusion, recognition, or nonrecognition of income as described by section 1311(b). The Court of Appeals for the Ninth Circuit narrowly construes the requirements of the mitigation provisions. *See United States v. Rigdon*, 323 F.2d 446, 449 (9th Cir. 1963); *United States v. Rushlight*, 291 F.2d 508, 514 (9th Cir. 1961).

The trust's reliance on the mitigation provisions fails for procedural reasons. As with the claim of right, the mitigation provisions require that a refund claim be filed with respect to a specific year. *See* § 1314(b). Because the trust is claiming it overpaid for the 2009 and 2010 tax years, it should have filed a refund claim for those years. Instead, its claim is for the 2014 tax year. As with the claim of right argument, this procedural defect is fatal to the trust's position.

## III.     *Equitable Recoupment*

The trust argues that even if it is unable to claim a refund under claim of right or the mitigation provisions, the doctrine of equitable recoupment would still entitle it to seek a refund. Equitable recoupment is an equitable solution for situations "where the Government has taxed a single transaction, item, or taxable event under two inconsistent theories." *United States v. Dalm*, 494 U.S. 596, 605 n.5 (1990). It is not an "independent ground for reopening years now closed by the statute of limitations." *Evans Tr. v. United States*, 462 F.2d 521, 526 (Ct. Cl. 1972). A claim of equitable recoupment requires that (1) the refund for which recoupment is sought by way of offset be barred by time; (2) the time-barred offset arise out of the same transaction, item, or taxable event as the overpayment or deficiency before the Court; (3) the

**[*7]** transaction, item, or taxable event have been inconsistently subject to two taxes; and (4) if the subject transaction, item, or taxable event involves two or more taxpayers, there be sufficiency of interest between the taxpayers so that the taxpayers should be treated as one. *Estate of Branson v. Commissioner*, 113 T.C. 6, 15 (1999), *aff'd*, 264 F.3d 904 (9th Cir. 2001).

As with its claim of right and mitigation provision arguments, the trust's reliance on the doctrine of equitable recoupment fails in part because the trust is not the appropriate party to seek a refund in this case. The deficiency upon which the trust bases its claim for recoupment arises from deficiencies directly related to the estate's taxes, not the trust's.

Furthermore, the requirements of equitable recoupment are not met. Respondent's determination is based on the disallowance of the trust's claimed reduction of tax liability pursuant to section 1341. This determination is not inconsistent with the trust's time-barred income tax liabilities for tax years 2009 and 2010. The liabilities for 2009 and 2010 have no transactional connection with respondent's denial under the claim of right.

We have considered all arguments made by the parties and, to the extent not addressed above, find them to be irrelevant, moot, or without merit. We will deny petitioner's Motion for Partial Summary Judgment and grant respondent's Motion for Partial Summary Judgment.

To reflect the foregoing,

*An appropriate order will be issued.*