**Sam SNYDER, Appellant,**

v.

**Robert A. RIDDELL, District Director, Internal Revenue, Appellee.**

**No. 15554.**

United States Court of Appeals Ninth Circuit.

Jan. 27, 1958.

---

**24**

George T. Altman, Beverly Hills, Cal., for appellant.

Charles K. Rice, Asst. Atty. Gen., S. Dee Hanson, Lee A. Jackson, I. Henry Kutz, Charles B. E. Freeman, Attys., Dept. of Justice, Washington, D. C., Laughlin E. Waters, U. S. Atty., Robert H. Wyshak, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before ORR, CHAMBERS and BARNES, Circuit Judges.

ORR, Circuit Judge.

Appellant, hereafter taxpáyer, regularly filed his individual income tax return for the year 1945 and paid the tax shown on the return in the amount of $4,300.69. The Commissioner assessed against taxpayer a deficiency in income tax for the year 1945 in the sum of $11,803.41, and in addition, interest in the sum of $1,-363.22.

Part of the assessment and interest was paid, the total amount paid on the 1945 tax being $5,047.12. Two payments, on September 15 and October 21, 1949, were made to Harry C. Westover as Collector of Internal Revenue for the Sixth District of California and three payments were made to Robert A. Riddell, successor to Mr. Westover as Collector.

In determining the deficiency assessed, the Commissioner included one-third of the income received from the California Car Company, a partnership. This one-third had been reported as the income of taxpayer's daughter.

Taxpayer filed a claim for refund for taxes paid for the years 1943, 1944, 1946 and the partial payment for 1945. The refund claim for 1945 read as follows:

"The deficiency assessment results from addition to claimant's gross income by the Revenue Agent of an amount of $18,934.89 as additional income from a partnership, California Car Company. The said amount, however, was not income of this claimant, but the income of his daughter, Geraldine Snyder Weinrich."

The claim was disallowed on September 21, 1951. Taxpayer filed two suits for refund. One, numbered 13521–Y, was against Collector Westover and sought refunds for the years 1943, 1944 and 1946, and for two payments made to him for the year 1945.

On the same day a suit numbered 13523–Y was filed against Collector Riddell, which sought refund of the three payments of $1,000 each made to him by that time for the year 1945.

The two suits were consolidated for trial. Thereafter trial was had and separate judgments entered. In the suit against Collector Westover judgment was entered in favor of the Collector sustaining his contention that the one-third interest claimed by taxpayer's daughter was in fact the income of taxpayer. Similarly, in the Riddell action judgment was entered in favor of Riddell for the dismissal of the action. The judgment in the Westover suit was appealed to this Court and the judgment was reversed, this Court holding that the claim of taxpayer's daughter to the ownership of one-third of the income in question was valid

and that such income should properly be assessed to her. The judgment in the suit against Riddell was not appealed.

The judgment in the Westover case was revised to conform to the holding of this Court and refunds ordered for 1943, 1944 and 1946.[1] But in making payment to taxpayer, the Government withheld from the refunds the alleged amount still due on the 1945 taxes. Taxpayer filed this suit to recover the amount so withheld. The Government defended on the ground that taxpayer was seeking to relitigate his 1945 tax liability. The trial court held that each tax year constitutes a separate cause of action and that the taxpayer having litigated his tax liability for 1945 may not again do so, and dismissed taxpayer's complaint with prejudice.

The Government argues that since the parties in suit No. 13523–Y and the instant suit are the same and the cause of action in No. 13523–Y and the instant suit being identical, the principle of res judicata controls. It is argued that income tax liability for any one year is a single cause of action and that when a taxpayer claims that he has overpaid his tax for a given year the ensuing judgment puts an end to that cause of action.

The question posed is: Does a suit for refund of a claimed overpayment of an installment of income tax for a given year put in issue the validity of installments not yet paid for that year? The Government attempts to sustain an affirmative answer to this question by arguing that taxpayer at the time of bringing the suit for a refund of part of an installment payment knew the entire amount of the 1945 income tax assessment against him and that by bringing the suit for installment refund without waiting until all installments due were paid taxpayer acted at his peril.

We are unable to agree with this contention. We hold that the cause of action in the first suit related solely to the question of overpayment of the installments then in question. No recovery could have been had as to unpaid installments. Subsequent to the suit it was determined by this Court that the trial court was wrong in its determinations. After our decision the taxpayer knew that the remaining installments were illegally assessed and that as a matter of law he should not be required to pay them in full. Supposing the situation had been reversed and the first Riddell suit had resulted in a judgment that the ownership of the one-third interest in the daughter should have been recognized, but in a companion suit an appellate court had held otherwise, would the government be without power to collect the remaining installments in the full amount assessed? We think not, and we doubt very much that the Government would have acquiesced in such a conclusion. We recognize that courts should be vigilant to avoid piece-meal litigation but this can very well be avoided by application of the principle that a taxpayer be forbidden to maintain a refund suit without first paying the entire amount of the tax assessed for the year in question.[2]

In support of its contention the Government relies upon Tait v. Western Maryland Ry., 1933, 289 U.S. 620, 53 S.Ct. 706, 77 L.Ed. 1405; United States v. C. C. Clark, Inc., 5 Cir., 1947, 159 F.2d 489; Guettel v. United States, 8 Cir., 1938, 95 F.2d 229; Western Maryland Ry. v. United States, D.C.D.Md.1938, 23 F.Supp. 554. We think these cases are distinguishable. The first case dealt with

1. Taxpayer conceded that for other reasons he had not yet made an overpayment for 1945 and no refund was therefore due for 1945 at that time.

2. The propriety of a refund suit before the whole tax for a given year is paid is now before the Supreme Court. See Flora v. United States, 10 Cir., 1957, 246 F.2d 929, certiorari granted 355 U.S. 881, 78 S.Ct. 150, 2 L.Ed.2d 112.

In the instant case we do not decide as to whether or not the first Riddell suit was premature. No such question was there raised. Our reference to a requirement that the payment of the entire tax be required before a suit for refund be entertained is merely an answer to the Government's argument that to allow taxpayer to maintain the instant action would encourage a multiplicity of suits.

different tax years; the others involved multiple suits after the *whole* tax had been paid.

The cases cited by the Government are authority for its contention that the earlier judgment (in the first Riddell suit) put an end not only to every issue which was raised and passed upon to sustain or defeat the cause of action litigated, but also all issues based on that cause of action which might have been raised, but were not.

However, the judgment in the first Riddell suit "cannot be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case." Lawlor v. National Screen Service, 1955, 349 U.S. 322, 328, 75 S.Ct. 865, 868, 99 L.Ed. 1122. See Ash Sheep Co. v. United States, 1920, 252 U.S. 159, 170, 40 S.Ct. 241, 64 L.Ed. 507; Third Nat'l Bank v. Stone, 1899, 174 U.S. 432, 434, 19 S.Ct. 759, 43 L.Ed. 1035.

Reversed and remanded for such further proceedings as the trial court may deem necessary.