Sam SNYDER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 15628.

United States Court of Appeals Ninth Circuit.

Oct. 21, 1958.

George T. Altman, Beverly Hills, Cal., for appellant.

Charles K. Rice, Asst. Atty. Gen., John McGarvey, Lee A. Jackson, A. F. Prescott, Charles B. E. Freeman, Attorneys, Department of Justice, Washington, D. C., Laughlin E. Waters, U. S. Atty., Edward R. McHale, Robert H. Wyshak, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before POPE, FEE and HAMLEY, Circuit Judges.

POPE, Circuit Judge.

This is the third in a series of appeals brought to this court by the appellant, all of which grew out of a dispute over the validity for tax purposes of a certain family partnership. The decision of this court in Snyder v. Westover, 9 Cir., 217 F.2d 928, reversed the judgment of the court below which had denied Snyder recovery by way of refund of individual income taxes for the years 1943, 1944 and 1946, paid by him following the Commissioner's assessment of deficiency for those years.

During the years mentioned, and also in the year 1945, Snyder's daughter, who under the partnership-agreement had a one-fourth interest in the firm, reported a one-fourth share of the partnership income on her returns and paid the taxes thereon. The Commissioner, refusing to recognize the daughter as a partner, included her share in his computation of the income of the appellant for the years mentioned. Upon the appeal this court upheld the contention of Snyder that the partnership was valid. This opinion assumes the reader's familiarity with that earlier decision.

Upon the remand, following the reversal, the district court on March 29, 1955, entered judgment for refund of the claimed overpayments of individual income taxes for the years 1943, 1944 and 1946. For the taxes for the year 1943 the judgment ordered:

"Refund of individual income taxes (inclusive of interest paid thereon) in the sum of $12,679.60, paid by plaintiff in respect to the year 1943, together with interest on said sum as provided by law as follows:

"On $1,700 from May 6, 1948;

"On $1,454.58 from August 9, 1948;

"On $1,700.00 from September 9, 1948;

"On $1,700.00 from October 8, 1948;

"On $1,700.00 from November 6, 1948;

"On $781.83 from December 6, 1948;

"On $1,700.00 from January 13, 1949;

"On $1,700.00 from February 14, 1949;

"On $243.19 from March 14, 1949."

Although on the face of that judgment it would appear that it required that interest be paid on the several sums there listed from the dates there mentioned, yet no interest was paid or allowed on any of the first four sums mentioned, or on $864.56 of the fifth item mentioned. How and why that nonpayment of interest occurred is explained hereafter. This suit was brought in the court below on April 23, 1957, for the purpose of recovering that interest which, at the time of the institution of the suit, was alleged to amount to the sum of $3249.19.[1]

The failure to pay the interest now claimed, came about in the following manner: On March 30, 1955, the day following the judgment, Snyder filed with the Commissioner claims for payment of the refunds with "interest allowed by law" as ordered by the judgment. Thereafter the Commissioner is-

sued a notice of adjustment advising Snyder that a portion of the adjudged overpayment of taxes had been credited to an unpaid balance of an outstanding assessment for the year 1945. It will be recalled that the judgment previously mentioned was for the recovery of overpayments for the years 1943, 1944, and 1946, but not for the year 1945, the reason being that Westover, the defendant in the first suit, was not Collector at the time the taxpayer had paid installments on the claimed deficiency for 1945. A separate suit was filed against Riddell, the then Collector, to recover certain partial payments made upon the 1945 deficiency.[2] Judgment was for the defendant Riddell and Snyder did not appeal.

Assessment for the deficiency asserted for the year 1945 was made on March 15, 1948. At the time of the Commissioner's notice of adjustment mentioned above, there remained unpaid on that assessment for 1945 the sum of $7,419.14. It was this sum which the Commissioner, through Riddell who signed the notice of adjustment, credited against the first four sums listed in the portion of the judgment quoted above, and a portion of the fifth sum there listed. In substance the Commissioner and the Collector notified Snyder that no interest would be paid upon those sums, aggregating $7,419.14, since at the time those sums were paid there was an outstanding balance on the 1945 assessment. This notice of adjustment was made December 6, 1955, and the Commissioner added to the $7,-

1. Both parties take the position that the district court's jurisdiction of the suit arose under Title 28 Sec. 1346(a) (2) rather than under (a) (1) of that section. Sec. 1346(a) reads as follows: "The district courts shall have original jurisdiction, concurrent with the Court of Claims, of: (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws * * *;

"(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."

2. No question appears to have been raised as to the right to maintain the action in advance of full payment. Cf. Flora v. United States, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165.

419.14, so credited against the judgment, interest on that sum amounting to $4,-161.21, making a total of $11,580.35, which the notice of adjustment stated was credited against a like portion of the overpayment shown in the judgment.

It may be noted that the Commissioner's action with respect to the judgment disclosed by his notice of adjustment had this interesting result: that while the Commissioner claimed interest upon the unpaid balance of the assessment for 1945 from the date of assessment of deficiency, March 15, 1948, to the date of notice of adjustment, December 6, 1955, the taxpayer was allowed no interest whatever upon the corresponding portion of his overpayments as set forth in the judgment.

The Government based its assertion that the taxpayer was not entitled to interest on the amounts of his overpayments which had thus been credited to the 1945 assessment of March 15, 1948, upon its position that the interest allowable to the taxpayer under the circumstances was governed by § 3771(b) (1) of the 1939 Internal Revenue Code, 26 U.S.C.A. § 3771(b) (1). It will be noted from the language of this section, the relevant portion of which appears in the margin,[3] that a distinction is made between a credit and a refund in that where a credit is applied, interest is computed "from the date of the overpayment * * * to the date of the assessment. * * *" Here, it is to be noted, the March 15, 1948 assessment *preceded* the dates of the overpayments listed in the portion of the judgment quoted above;—the first of those being May 6, 1948. Hence, says the Government, the interest here claimed is not payable by the United States for the applicable statute does not provide for it.

This contention was accepted by the trial court which included in its findings of fact the finding that "Since the date of the assessment, March 15, 1948, of the 1945 tax liability for the year 1943 as set forth in paragraph IV hereinabove, no interest was allowed on the overpayments credited to the assessed tax," and concluded "Under Sec. 3771(b) (1) of the 1939 Int. Rev. Code, no interest was allowable on the overpayments for the year 1943 credited to the 1945 assessment made on March 15, 1948, since the dates of payment preceded the date of the assessment."

This basis for the court's decision has now become largely academic for during the pendency of this appeal, this court handed down another decision relating to the dispute between the Government and appellant here concerning his 1945 tax. That case is Snyder v. Riddell, 9 Cir., 252 F.2d 23, decided January 27, 1958. We deem it unnecessary to review at length the facts which gave rise to the final decision in that case, and we assume that the reader of this opinion is familiar therewith.[4] The ef-

---

3. "§ 3771. Interest on overpayments.
   "(a) Rate. Interest shall be allowed and paid upon any overpayment in respect of any internal revenue tax at the rate of 6 per centum per annum.
   "(b) Period. Such interest shall be allowed and paid as follows:
   "(1) Credits. In the case of a credit, from the date of the overpayment to the due date of the amount against which the credit is taken, but if the amount against which the credit is taken is an additional assessment of a tax imposed by the Revenue Act of 1921, 42 Stat. 227, or any subsequent Revenue Act, then to the date of the assessment of that amount.
   "(2) Refunds. In the case of a refund, from the date of the overpayment to a date preceding the date of the refund check by not more than thirty days, such date to be determined by the Commissioner, whether or not such refund check is accepted by the taxpayer after tender of such check to the taxpayer. The acceptance of such check shall be without prejudice to any right of the taxpayer to claim any additional overpayment and interest thereon."

4. The case challenged the right of the Commissioner to withhold from refund the $11,580.35 credited against the March 29, 1955 judgment for overpayment. The right to withhold that amount was based upon a claim that when taxpayer failed to appeal from the judgment against him

fect of that decision is that the notice of adjustment of December 6, 1955, was in error as to the amount credited against the judgment.[5] Reference to it, footnote

in his suit against Riddell to recover the portion of the deficiency assessment for 1945, which he had paid, the judgment became res adjudicata that the whole of that deficiency assessment was valid. It was this claim that this court rejected in Snyder v. Riddell, supra. The consequence of that rejection is that the taxpayer is free to urge the full validity of the partnership (or possibly that the Government is collaterally estopped—cf.

§ 3772(d) of 1939 Int.Rev.Code, 26 U.S.C.A. § 3772(d), and § 7422(c) of 1954 Code, 26 U.S.C.A. § 7422(c), first enacted Oct. 21, 1942, with United States v. Nunnally Investment Co., 316 U.S. 258, 62 S.Ct. 1064, 86 L.Ed. 1455, decided May 11, 1942). However, the record in that case shows that taxpayer admitted a deficiency for 1945 of $865.25; hence he prayed recovery of that much less than the $11,580.35 withheld, or $10,715.10.

5. The notice of adjustment was as follows:
"Notice of Adjustment

Allowed, $21,890.30
Schedule No. IT:-B-2727

Name   Sam Snyder

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

This Notice of Adjustment is issued in settlement of a judgment for the recovery of income taxes paid for the years 1943, 1944 and 1946, the judgment having been rendered against Harry C. Westover, Former Collector. . . .

| Judgment: | Tax | Interest | Total |
|---|---|---|---|
| 1943 | $ 9,922.72 | $2,748.88 | $12,671.60 |
| 1944 | 5,025.19 | 1,347.48 | 6,372.67 |
| 1946 | 2,539.33 | 306.70 | 2,846.03 |
| Total | $17,487.24 | $4,403.06 | $21,890.30 |
| Interest (See page 2) | | | $ 5,708.48 |
| Total payable under the judgment | | | $27,598.78 |

Disposition of Overassessment or Overpayment

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

This amount is the refundable portion of the overassessment after giving effect to abatements and credits, if any. A check for this amount only is enclosed herewith.

$10,309.95 Overpayment
5,708.48 Interest*

Refunded—$16,018.43 Total refunded

Zone 6

This amount has been applied in payment of assessments which were unpaid, as shown below, therefore is not refunded.

$11,580.35 Overpayment
0 Interest*

Credited—$11,580.35 Total credited

| List and Account No. | Year | Amount | Credited | Due Date |
|---|---|---|---|---|
| 3/15/48 Spl. No. 14 104P | 1945 | 7,419.14 | 3–15–48 | |
| Accr. Int. | | 4,161.21 | 12–6–55 | |

*The receipt by a taxpayer of refunds of taxes, the deduction of which in prior years resulted in tax benefits, should be treated as income for the taxable year in which such refunds are received, except as otherwise provided by Federal statutes. The full amount of interest received and the interest, if any, allowed on the credit or refund of Federal taxes is taxable income and should be included in your income tax return as income for the taxable year in which received or applied as a credit to other taxes. \* \* \*"

5, will show the sum of $7,419.14 from the assessment made "3–15–48." The decision was that it was still open to taxpayer to attack that assessment. The assessment was based upon the same contention of the Commissioner that the income from the daughter's interest should be taxed to this appellant. The rule of collateral estoppel, if not of res judicata (see footnote 4), compels a conclusion that the assessment was unauthorized. Nevertheless Snyder paid Riddell $3000 on this assessment for 1945. This was the $3000 for which Snyder sued Riddell (see text opposite footnote 2, supra) in the suit which Snyder lost and from which he did not appeal. The $7,419.14 represented the balance of that improper assessment, after crediting the $3000 thereon. Thus it is apparent that the Collector was not entitled to charge that sum to taxpayer, or to compute interest on it. So far as the figures shown on the Notice of Adjustment are concerned, the "refund check" should have been for $27,598.78 rather than for $16,018.43.

Plainly the computation of interest on taxpayer's judgment in the Westover case was governed by § 2411(a) of Title 28 U.S.C.A., as the same is incorporated in the Internal Revenue Code by § 3773 of the 1939 Code, reenacted as § 6612 of the 1954 Code, 26 U.S.C.A. § 6612.[6]

The Government cannot take advantage of its own wrong in not issuing the check for the full amount due on the judgment.[7] It follows that appellant was entitled to the interest here claimed.

6. "§ 6612. Cross References. (a) Interest on judgments for overpayments.— For interest on judgments for overpayments, see 28 U.S.C. 2411(a)."

§ 2411(a) "In any judgment of any court rendered * * * for any overpayment in respect of any internal-revenue tax, interest shall be allowed at the rate of 6 per centum per annum upon the amount of the overpayment, from the date of the payment or collection thereof to a date preceding the date of the

The judgment is reversed and the cause is remanded with directions to take further proceedings, not inconsistent with this opinion.

refund check by not more than thirty days, such date to be determined by the Commissioner of Internal Revenue. * * * "

7. It is true that appellant admits, as above stated, that he owed a balance of $865.25 on account of his 1945 taxes. His suit in the second action against Riddell, which resulted in our January 27, 1958, decision, noted that proper charge against him, and we must assume the final judgment in that case will allow for it.