COMMISSIONER OF INTERNAL REVENUE, Petitioner,

v.

ESTATE of Oscar WEINREICH, Deceased, et al., Respondents.

Geraldine Snyder WEINRICH, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 17930.

United States Court of Appeals Ninth Circuit.

April 3, 1963.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Harry Baum, Stephen B. Wolfberg and C. Moxley Featherstone, Department of Justice, Washington, D. C., for petitioner-respondent.

George T. Altman, Beverly Hills, Cal., for respondent-petitioner.

Before CHAMBERS and HAMLIN, Circuit Judges, and CRARY, District Judge.

CRARY, District Judge.

The question involved in this consolidated proceeding is whether the mitigation provisions of §§ 1311–1315 of the

Internal Revenue Code of 1954 permit assessment and collection of certain deficiencies which would otherwise be barred by the statute of limitations.

The relevant facts are established by stipulation of the parties (pages 33 through 39, Tr. of R.) and pertinent matters set forth as Findings in Snyder v. Westover (U.S.D.C.S.D.Calif., 1952) 107 F.Supp. 363, and Snyder v. Riddell (U.S.D.C.S.D.Calif., 1957) 52 A.F.T.R. 1776. It was further agreed that the stipulation was not intended to be in conflict but was subject to the decisions and opinions of this court in Snyder v. Westover (C.A. 9th, 1954) 217 F.2d 928; Snyder v. Riddell (C.A. 9th, 1958) 252 F.2d 23, and Snyder v. United States (C. A. 9th, 1958) 260 F.2d 826.

A summary of the facts relevant to these proceedings is as follows:

"1. Geraldine and Oscar were husband and wife during the year 1945, residing in Los Angeles, California, a community property state. Geraldine and Oscar each filed on or about March 15, 1946, separate Federal income tax returns for the taxable year 1945 with the collector of internal revenue, Los Angeles, California, and each reported as an item of income therein the amount of $6,212.71, representing one-half of the $12,425.42 which Geraldine received in 1945 as her distributive share of the profits of California Car Company (hereafter referred to as Car Company).

"2. Throughout the year 1945 Car Company was a partnership consisting of Geraldine, her father, Sam Snyder (hereafter referred to as Sam), and her brother, Bernard Snyder (hereafter referred to as Bernard). Sam owned a one-half interest in the partnership and Geraldine and Bernard owned a one-fourth interest. This partnership was terminated December 31, 1946. A second partnership consisting of Sam and Bernard was in existence during the years 1947, 1948, 1949, and 1950. A third partnership con-sisting of Geraldine, Sam, and Bernard was formed on January 1, 1951, and was terminated September 30, 1958. Geraldine was not a partner of Sam during any of the years 1947 through 1950 or after September 30, 1958. Oscar was never a partner in any of the above partnerships.

"3. Sam filed a Federal income tax return for the year 1945 on or about March 15, 1946, and he also filed timely individual income tax returns for the years 1943, 1944, and 1946, including therein as gross income one-half of the earnings of Car Company as his share of the partnership earnings under the partnership agreement. Some time prior to May 6, 1948, respondent determined deficiencies in income tax due from Sam for the years 1943, 1944, 1945, and 1946 on the grounds, inter alia, that no valid partnership existed between Sam and Geraldine and that Geraldine's one-fourth share of the partnership income was taxable to Sam for those years. The deficiencies with interest thereon were assessed. Sam paid the assessed amounts for the taxable years 1943, 1944, and 1946 in full to Harry C. Westover, as collector of internal revenue. However, on the deficiency assessed for the taxable year 1945 (which, exclusive of interest, was $11,803.51), Sam paid only the sum of $2,047.12 to Westover and the sum of $3,000 to Robert A. Riddell, as successor in office to Westover. The payments made to Westover for the year 1945 were made in September and October of 1949, and the payments made to Riddell for the year 1945 were made in November and December of 1949 and January of 1950. Payment of the balance of the assessment for 1945 was not completed by Sam.

"4. As a result of the court's determination that Geraldine's one-fourth share of the net income of the partnership for 1945 was tax-

able to Sam, on September 1, 1949, respondent voluntarily refunded $1,424.48 to each of Geraldine and Oscar, representing the tax on Geraldine's share of the partnership income which they had reported on their returns, plus interest thereon. Although neither Geraldine nor Oscar at any time applied for the foregoing refunds, each accepted and retained said refunds.

"5. On March 13, 1950, Sam filed claims for refund of the additional taxes he paid for the years 1943, 1944, 1945, and 1946. Respondent disallowed Sam's claims and on September 27, 1951, Sam instituted suits for refund against each of Westover and Riddell in the United States District Court for the Southern District of California. In the suit against Westover (hereafter called the Westover suit), Sam sought refund of all of the additional taxes assessed and paid for the years 1943, 1944, and 1946 and of the $2,047.12 additional tax assessed and paid to Westover for the year 1945. In the suit against Riddell (hereafter referred to as the first Riddell suit), Sam sought a refund of the $3,000 additional tax assessed and paid to Riddell for the year 1945. One of the grounds relied upon by Sam in these proceedings was that respondent erred in refusing to recognize Geraldine as a partner of Car Company and including her share of the partnership earnings in his income for each of the years involved. These suits were consolidated for trial. Separate judgments were entered, both holding in effect that the partnership income in dispute was taxable to Sam and not to Geraldine. Snyder v. Westover, 107 F.Supp. 363 (S.D.Calif.1952). In September 1952 Sam appealed the Westover suit to the United States Court of Appeals for the Ninth Circuit. No appeal was taken in the first Riddell suit and the judgment of the District Court became final.

"6. On December 20, 1954, the Court of Appeals reversed the decision of the District Court, holding that the judgment of the District Court that Geraldine was not a member of the partnership for tax purposes for the years involved was erroneous. Snyder v. Westover, 217 F.2d 928 (C.A. 9, 1954). Upon remand the District Court revised its judgment in the Westover suit to conform to the decision of the Court of Appeals and on March 29, 1955, entered judgment ordering a refund to Sam for the years 1943, 1944, and 1946. No refund was ordered for the year 1945 apparently for the reason that Sam admitted, because of other adjustments conceded by him, that he still owed some tax for the year 1945.

"7. In making the refund ordered for the years 1943, 1944, and 1946, respondent by "Notice of Adjustment" dated December 6, 1955, credited against the judgment and withheld the sum of $11,580.35, representing the unpaid balance of the additional tax assessed for the year 1945 plus interest. On March 26, 1956, Sam filed a claim for refund of $10,715.10 for the year 1945, being the amount of $11,580.-35 less $865.25 which Sam admitted was still due on his 1945 income tax liability. The ground for the claim was that the deficiency resulted from the erroneous inclusion of Geraldine's partnership income in Sam's income. When the claim for refund was not paid, Sam brought suit (hereinafter referred to as the second Riddell suit) in the District Court against Riddell for recovery of the above amount. The District Court held that each tax year constitutes a separate cause of action and Sam, having failed to appeal the first Riddell suit, was barred by res adjudicata from seeking a refund of income taxes for the year

1945 on the same ground relied upon in the first Riddell suit and that he could not collaterally attack the judgment on the merits of the prior action, and on April 1, 1957, dismissed the suit. Snyder v. Riddell, an unreported case (S.D.Calif.1957, 52 A.F.T.R. 1776, 57–1 U.S.T.C. par. 9547). On appeal of the second Riddell suit the Court of Appeals for the Ninth Circuit, in a decision filed on January 27, 1958, again reversed the District Court, holding that the first Riddell suit was not res adjudicata of Sam's claim in the present proceeding for the reason that the balance of the assessment for 1945 not having been paid at the time of the first Riddell suit Sam's present claim did not then exist and could not have

been sued upon. Snyder v. Riddell, 252 F.2d 23. On remand of the second Riddell suit the District Court, on January 13, 1959, ordered a refund of the $10,715.10 in controversy in that proceeding for the year 1945.

"The statutory notices of deficiency in this proceeding were sent to Geraldine and Oscar by registered mail on April 27, 1959."

■ It is agreed by the parties that the assessment and collection of the deficiencies as against Geraldine and Oscar are barred by the statute of limitations unless they qualify as "adjustments" timely made within the mitigation provisions of §§ 1311–1315 of the 1954 Code, the pertinent portions of which are set forth in footnote to this opinion.[1] These provisions constitute an exception to the

---

1. "§ 1311. Correction of error

"(a) General Rule.—If a determination (as defined in section 1313) is described in one or more of the paragraphs of section 1312 and, on the date of the determination, correction of the effect of the error referred to in the applicable paragraph of section 1312 is prevented by the operation of any law or rule of law, other than this part and other than section 7122 (relating to compromises), then the effect of the error shall be corrected by an adjustment made in the amount and in the manner specified in section 1314.

"(b) Conditions necessary for adjustment.—

"(1) Maintenance of an inconsistent position.—Except in cases described in paragraphs (3) (B) and (4) of section 1312, an adjustment shall be made under this part only if—

\* \* \* \* \*

"(B) in case the amount of the adjustment would be assessed and collected in the same manner as a deficiency under section 1314, there is adopted in the determination a position maintained by the taxpayer with respect to whom the determination is made, and the position maintained by the Secretary or his delegate in the case described in subparagraph (A) or maintained by the taxpayer in the case described in subparagraph (B) is inconsistent with the erroneous inclusion, exclusion, omission, allowance, disallowance, recognition, or nonrecognition, as the case may be.

"(2) Correction not barred at time of erroneous action.—

"(A) Determination Described in section 1312(3) (B).—In the case of a determination described in section 1312(3) (B) (relating to certain exclusions from income), adjustment shall be made under this part only if assessment of a deficiency for the taxable year in which the item is includible or against the related taxpayer was not barred, by any law or rule of law, at the time the Secretary or his delegate first maintained, in a notice of deficiency sent pursuant to section 6212 or before the Tax Court of the United States, that the item described in section 1312(3) (B) should be included in the gross income of the taxpayer for the taxable year to which the determination relates.

\* \* \* \* \*

"(3) Existence of relationship.—In case the amount of the adjustment would be assessed and collected in the same manner as a deficiency (except for cases described in section 1312(3) (B)), the adjustment shall not be made with respect to a related taxpayer unless he stands in such relationship to the taxpayer at the time the latter first maintains the inconsistent position in a return, claim for refund, or petition (or amended petition) to the Tax Court of the United States for the taxable year with respect to which the determination is made, or if such position is not so maintained, then at the time of the determination.
(26 U.S.C. 1958 ed., § 1311)

one year statute of limitations involved and must be affirmatively pleaded and proved by the party relying thereon when the statute of limitations is relied on, as in this case by Geraldine and Oscar, as a bar to assessment of the deficiency. J. C. Bradford, 34 T.C. 1051 (1960) and cases cited therein. The respondent Commissioner relies on § 1312 (3) (A) as to the circumstances under which the adjustment is authorized in the case at bar asserting that the "determination", as defined in § 1313(a) (1), was the decision of this court filed on January 27, 1958, in the second Riddell suit on the theory that said decision was the "determination" which required the exclusion from Sam's income for 1945 of Geraldine's one-fourth partnership share with respect to which share tax was paid by Sam and which one-fourth share was determined to have been erroneously excluded from the gross income of Geraldine, who at the time was a partner of Sam and therefore a related taxpayer.

It appears from the provisions of §§ 1311–1315 that if there is a "determination", described in § 1312, and on the date of such "determination" correction of the effect of the error therein described is barred by operation of law then the error can be corrected by adjustment made in the manner specified in § 1314, to wit:

"* * * and as if on the date of the determination one year remained before the expiration of the periods of limitation upon assessment or filing claim for refund for such taxable year or years."

§ 1311(b) provides for the adjustment, if assessable under § 1314 as a deficiency, as in the case at bar, to be made only

"§ 1312. Circumstances of adjustment

"The circumstances under which the adjustment provided in section 1311 is authorized are as follows:

*   *   *   *   *

"(3) Double exclusion of an item of gross income.—

"(A) Items included in income.—The determination requires the exclusion from gross income of an item included in a return filed by the taxpayer or with respect to which tax was paid and which was erroneously excluded or omitted from the gross income of the taxpayer for another taxable year, or from the gross income of a related taxpayer; or

"(B) Items not included in income.— The determination requires the exclusion from gross income of an item not included in a return filed by the taxpayer and with respect to which the tax was not paid but which is includible in the gross income of the taxpayer for another taxable year or in the gross income of a related taxpayer.

*   *   *   *   *

(26 U.S.C. 1958 ed., § 1312)

"§ 1313. Definitions

"(a) Determination.—For purposes of this part, the term 'determination' means—

"(1) a decision by the Tax Court or a judgment, decree, or other order by any court of competent jurisdiction, which has become final;

*   *   *   *   *

"(c) Related taxpayer.—For purposes of this part, the term 'related taxpayer' means a taxpayer who, with the taxpayer with respect to whom a determination is made, stood, in the taxable year with respect to which the erroneous inclusion, exclusion, omission, allowance, or disallowance was made, in one of the following relationships:

*   *   *   *   *

(6) partner, or

*   *   *   *   *

(26 U.S.C. 1958 ed., § 1313)

"§ 1314. Amount and method of adjustment

*   *   *   *   *

"(b) Method of adjustment.—The adjustment authorized in section 1311(a) shall be made by assessing and collecting, or refunding or crediting, the amount thereof in the same manner as if it were a deficiency determined by the Secretary or his delegate with respect to the taxpayer as to whom the error was made or an overpayment claimed by such taxpayer, as the case may be, for the taxable year or years with respect to which an amount is ascertained under subsection (a), and as if on the date of the determination one year remained before the expiration of the periods of limitation upon assessment or filing claim for refund for such taxable year or years.

*   *   *

*   *   *   *   *

(26 U.S.C. 1958 ed., § 1314.)"

if the "determination" adopts a position maintained by the taxpayer (Sam), with respect to whom the "determination" is made, which is inconsistent with the erroneous exclusion relied on in § 1312. In the case at bar this would be the exclusion from the gross income of Sam of Geraldine's partnership share for the year 1945, which share of Geraldine was erroneously excluded from the reported income of Geraldine and Oscar as determined by this court. The date of said "determination" is in controversy. A "determination" is defined as a decision of the tax court or a judgment, decree, or other order by any court of competent jurisdiction which has become final. It is agreed by the parties that so far as concerns the instant case the term "related taxpayer", as used in the applicable sections, concerns the relationship of "partner." The "adjustment" which may be made under specified circumstances shall not be made with respect to the related taxpayer (Geraldine) unless she was so related to the taxpayer (Sam) at the time the latter *first maintained the inconsistent position* in a return or claim for refund or at the time of "determination." The tax court states in its opinion (page 52, Tr. of R.):

> "A determination or order of a court of competent jurisdiction which became final, required the exclusion from Sam's income of Geraldine's share of the partnership income for the year 1945 and that 'determination' adopted a position maintained by Sam which was inconsistent with the exclusion of that income from Geraldine's taxable income for the year 1945, and Geraldine was a partner of Sam during the year with respect to which the 'determination' was made."

When this "determination" was made is one of the material issues in the case, petitioner Geraldine contending that the "determination" was made by the decision of this court in the Westover suit, which was entered on December 20, 1954, and became final on March 20, 1955, which, if true, would make ineffective the notice of deficiency sent to Geraldine on April 27, 1959, as being too late. The Commissioner, on the other hand, as stated above, asserts that the "determination" was the decision of this court in the second Riddell suit, filed on January 27, 1958, which became final on April 27, 1958.

The court now considers whether it did, in the Westover suit, 217 F.2d 928, 929, make the "determination" material in the instant matter; that is, did this court there determine that Geraldine was a partner of Sam in 1945 and that her partnership share in gross earnings of Car Company for that year was properly assessed to her and said share was erroneously excluded from her 1945 tax. This court, in the Westover case, discussed in detail the history and formation of the partnership, including Geraldine as a partner, and points out at length that the trial court had erred in holding Geraldine not a member of the partnership for tax purposes.

Let us assume the Commissioner's argument (Pages 20–21, Br. for Com.) that a judgment determining tax for the year actually in question would be a "determination" *as well as* the decisions of the courts on identical issues in the years immediately prior or subsequent. H. T. Hackney Co. v. United States, 78 F.Supp. 101, 111 Ct.Cl. 664, and Rigdon v. United States, 197 F. Supp. 150 (S.D.Calif.). The *first* "determination" should put the government on notice and to allow it to await a possible second "determination" would not appear to comply with the observation of the court that the mitigation provisions were based upon the principle that corrective adjustments are not to impair the essential function of the statute of limitations. See opinion of tax court, page 53, Tr. of R., and United States v. Rushlight, 9 Cir., 291 F.2d 508 at 519–520.

The decision in the second Riddell case, 252 F.2d 23, did not require refund of the 1945 tax but remanded the case

to the district court for further proceedings "in accordance therewith" as the trial court might deem necessary. The portion of the 1945 tax paid by Sam was not ordered refunded to Sam because he owed it in connection with an uncontested matter. As to the determination of the partnership in 1945 and consequently the consideration of the 1945 tax, this court, at pages 24 and 25 of its opinion in the second Riddell case, states:

"The judgment in the Westover suit was appealed to this Court and the judgment was reversed, this Court holding that the claim of taxpayer's daughter to the ownership of one-third of the income in question was valid and that such income should properly be assessed to her. The judgment in the suit against Riddell was not appealed."

At page 25 of the opinion, the court further observes:

"The question posed is: Does a suit for refund of a claimed overpayment of an installment of income tax for a given year put in issue the validity of installments not yet paid for that year? * * * After our decision the taxpayer knew that the remaining installments were illegally assessed and that as a matter of law he should not be required to pay them in full."

This court, in the second Riddell case and also in the interest suit, 260 F.2d 826, observes in legal effect that in the Westover suit it first made the "determination" pertinent in this case.

■ For the reasons set forth hereinabove, the court concludes that its decision in the Westover case, 217 F.2d 928, decided on December 20, 1954, determined that Geraldine was a partner of Sam in 1945 and that her share of income of Car Company for 1945 was not therefore income of Sam, and that suit was the "determination" material in this case. This "determination" being more than one year prior to the notices of deficiency sent to Geraldine and Oscar (April 27, 1959), it follows that the no-

tices were not served in time to perfect the government's case.

■ The Commissioner contends that the Westover suit did not determine Sam's liability for the 1945 tax because the said taxes had not been paid at the time of the judgment in that suit and that this was true although "* * * the Westover suit may have been dispositive of the law applicable to the facts of Sam's 1945 return * * *" and that there was no "determination" in this case within the code sections concerned until this court, in the second Riddell case, applied the "law to the facts." This theory is not in accordance with the above noted finding of this court as to the date of the pertinent "determination" and will not be followed in this case.

Another issue of importance is, when did Sam first maintain the "inconsistent position" referred to hereinabove. The Commissioner takes the position that Sam's "inconsistent position" was taken in 1946 when he filed his income tax return for 1945 wherein he asserted that Geraldine was a partner of Car Company, at which time Geraldine was determined to have been a partner and therefore a related taxpayer as to Sam.

Geraldine and Oscar assert that neither was a related taxpayer at the time Sam first maintained a position inconsistent with the "erroneous exclusion" which was made in 1950. They urged that Geraldine and Sam took consistent positions with respect to the partnership interest in their returns for the year 1945, and that there was no inconsistent position maintained by Sam until Sam filed his claim for refund in March, 1950. It is to be noted that at this time neither Geraldine nor Oscar was a partner or otherwise a related taxpayer with respect to Sam.

Sam, in response to the assessments of the Commissioner, paid said assessments for the years 1943, 1944 and 1946 in the year 1959, and in September and October, 1959, made installment payments to Westover on the 1945 tax as-

sessed, and in November and December, 1949, and January, 1950, made installment payments to Riddell on the said 1945 tax. These five payments total $5,047.12 but were only a part of the tax assessed for 1945.

On March 13, 1959, Sam filed claim for refund of all additional taxes paid for the years 1943, 1944, 1945 and 1946 on the grounds that Geraldine was a partner during those years. This was the first active inconsistent position maintained by Sam as to the "erroneous exclusion" (refund to Geraldine and Oscar by the government in September, 1949). True, Sam had maintained this position of partnership with Geraldine in 1946, when their 1945 tax was filed, but the court does not conclude that the act on the part of Geraldine and Oscar in accepting the tax refund for 1948 constituted an inconsistency *maintained by Sam* although it was inconsistent with the position of Sam in 1946. It is active inconsistency by Sam which is required. As stated by the tax court in its opinion (p. 53, Tr. of R.):

> "Furthermore, we recognize that the mitigation provisions were based upon the principle that corrective adjustments are not to impair the essential function of the statute of limitations *except* in those instances where the parties in whose favor it applies 'shall have justified such modification by *active* inconsistency * * *.' S.Rept. No. 1567, 75th Cong., 3d Sess., pp. 48, 49 (1939), 1939–1 C.B. (Part 2) 779." (Emphasis ours.)

The filing by Sam in 1946 of the tax return for 1945 does not appear to be *active inconsistency* as contemplated by the pertinent code sections and the ruling of the Treasury Department in 1939 in 1 C.B. (Part 2) 779, as quoted hereinabove. It follows that the required existence of the partnership relation when the inconsistency was first maintained by the taxpayer (Sam) has not been met *since the parties were not partners* at any time during the period 1947 to 1950, inclusive.

It is the opinion of the court that the first maintained position of Sam within the meaning of the code which was *inconsistent* as required, must have been inconsistent with a position of Geraldine which she had taken prior to the time Sam maintained his position; that is, that Sam's position, to be inconsistent, must refer to a position of Geraldine *at that time in existence*. It follows that the inconsistent position of Sam as contemplated by § 1311(b) (3) of I.R.C.1954, was not taken by Sam until March, 1950, when he filed his claim for refund of taxes for the years 1943–1946, inclusive, at which time his position was inconsistent with that of Geraldine and Oscar taken in September, 1949, by accepting the refund of the 1945 tax and at which time Sam and Geraldine were *not* partners.

By reason of the foregoing rulings of the court, there is no occasion for the court to determine (1) whether the application by the Commissioner of the refund ordered by the Westover suit to the unpaid assessment for 1945 was *payment* of the tax within the provisions of § 6402(a), I.R.C.1954, or (2) whether respondent Oscar was a "partner" thus being a "related taxpayer" within the mitigation provisions of §§ 1311–1315, I.R.C.1954.

The decision of the tax court, as to petition of Geraldine, to wit, "that there is a deficiency in income tax due for the taxable year 1945 in the amount of $1,-138.54," is reversed.

The decision of the tax court, as to petition of Estate of Oscar Weinreich, deceased, et al., to wit, "that there is no deficiency in income tax for the taxable year 1945," is affirmed.

CHAMBERS, Circuit Judge (concurring).

I concur in affirming the decision of the tax court as to the petition of Geraldine Weinrich as the executor of the estate of Oscar Weinreich.

As to Geraldine individually, I agree that the tax court decision should be reversed and that the assessed deficiency

in income tax due for the taxable year 1945 should be cancelled. I reach this result primarily on the basis that I believe Sam Snyder first maintained the inconsistent position in March, 1950, when he filed claim for refund of taxes for the years 1943 through 1946. Under the statute [26 U.S.C. § 1311(b) (3)] this circumstance alone would prevent the commissioner from collecting the assessed deficiency inasmuch as Geraldine was not a related taxpayer (in a tax sense) during 1950. It therefore would appear unnecessary to decide whether the "determination" under 26 U.S.C. § 1312(3) occurred in the Westover suit, or in the second Riddell suit.

In the search for the case with the "first determination" Judge Crary may be correct that it was "Westover," but it is a close issue vis-a-vis the second Riddell case.