T.C. Summary Opinion 2011-50


UNITED STATES TAX COURT


TUWANA JYNNE ANTHONY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8263-10S.              Filed April 18, 2011.


TuWana Jynne Anthony, pro se.

<u>Mark J. Miller</u>, for respondent.


SWIFT, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and

_____

[1]All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $5,516 in petitioner's 2005 Federal income tax. This $5,516 deficiency was based on an adjustment adjudicated in Anthony v. Commissioner, docket No. 5791-07S, a prior case before this Court relating to petitioner's 2003 and 2004 Federal income taxes. Respondent moves for summary judgment under Rule 121.

The issues for decision are: (1) Whether the mitigation provisions under sections 1311 through 1314 permit respondent to make a deficiency determination against petitioner for 2005, a year that is otherwise closed under the section 6501 3-year period of limitations; and (2) if so, whether petitioner may raise unrelated issues to offset the increase in tax therefrom.

At the time of filing the petition, petitioner resided in Michigan.

## Background

At all relevant times petitioner was the sole proprietor and operator of a beauty consulting business. In connection with her business petitioner bought, sold, and maintained inventories of cosmetic products.

On Schedules C, Profit or Loss From Business, of her 2004 and 2005 Federal income tax returns, petitioner reported opening and ending inventory, income, and deductions arising from

operation of her business.  On her 2004 return petitioner reported ending inventory of $41,097.

On April 15, 2006, petitioner filed her 2005 Federal income tax return.  Consistent with her reported 2004 ending inventory, petitioner reported a $41,097 opening inventory for 2005.

In 2006 respondent audited petitioner's 2004 Federal income tax return, resulting in the issuance to petitioner of a notice of deficiency that included adjustments to Schedule C purchases and gross receipts (i.e., adjustments unrelated to the reporting of inventory).  Petitioner timely filed the petition at docket No. 5791-07S challenging respondent's determination.[2]

During settlement negotiations in docket No. 5791-07S, petitioner affirmatively raised, inter alia, the issue of whether the $41,097 reported ending inventory on petitioner's 2004 Federal income tax return should have been reported as $20,548. Specifically, petitioner took the position that she erroneously reported her 2004 ending inventory using her retail selling price--rather than her cost--for the inventory.[3]

Respondent ultimately agreed with petitioner as to the amount of petitioner's 2004 ending inventory, and as part of a settlement stipulation dated September 23, 2009, in docket No.

---

[2]The proceedings in docket No. 5791-07S were conducted under the small tax case procedures authorized by sec. 7463.

[3]Petitioner's markup of her inventory of cosmetic products was 100 percent over cost.

5791-07S, petitioner and respondent agreed that petitioner's 2004 ending inventory for cosmetic products was reduced from $41,097 to $20,548. This adjustment increased petitioner's 2004 cost of goods sold, decreased her 2004 income by $20,549, and decreased her 2004 Federal income tax liability. The parties' written settlement stipulation in docket No. 5791-07S expressly provided, in relevant part:

> On her 2004 income tax return, petitioner reported ending inventory for her Schedule C activity as $41,097. In connection with this case, petitioner affirmatively raised the issue of whether the ending inventory of her 2004 federal income tax return should have been reported as $20,548, instead of $41,097. Petitioner alleged that the ending 2004 inventory had been reported at retail price rather than at cost. Petitioner further alleged that there were no errors with respect to the beginning and ending 2003 or beginning 2004 inventory values. Based on the evidence provided by petitioner, respondent agrees with petitioner's assertions with respect to the inventory. Under the terms of settlement, the value of petitioner's ending 2004 inventory reported on Schedule C is reduced from $41,097 to $20,548, resulting in an increase to petitioner's 2004 cost of good sold deduction of $20,549.

On September 23, 2009, the parties simultaneously filed with the Court the above settlement stipulation and a stipulated decision in docket No. 5791-07S, and on October 2, 2009, this Court entered a decision therein. The decision became final on December 31, 2009.[4]

---

[4]A Tax Court decision in a proceeding conducted under sec. 7463 becomes final 90 days after the decision is entered. Sec. 7481(b).

On January 7, 2010, respondent mailed petitioner a notice of deficiency for 2005--the focus of the instant case. The only substantive adjustment made in this notice was a $20,549 reduction of petitioner's Schedule C opening inventory for cosmetic products--from $41,097 (as reported on petitioner's 2005 return) to $20,548. Respondent explained this adjustment as follows:

> In Tuwana J. Anthony v. Commissioner, Docket No. 5791-"07S", based on representations made by you, the Tax Court made a determination that your ending inventory for 2004 was $20,548, instead of $41,097 as reported by you. Under section 1311, the same adjustment is required to be made to your beginning inventory for 2005. * * * This results in an increase to your [2005] income of [$20,549].

On the basis of the above inventory adjustment and other adjustments that petitioner and respondent agreed to, respondent determined a $5,516 deficiency in petitioner's 2005 Federal income tax. Although the section 6501 3-year period of limitations for 2005 had expired at the time respondent issued the notice of deficiency on January 7, 2010, respondent relied on the mitigation provisions of sections 1311 through 1314 to issue the notice of deficiency to petitioner.

## Discussion

The parties agree that there are no issues of material fact requiring a trial. When no material fact remains at issue, we may grant summary judgment as a matter of law. Rule 121(b); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Fla. Country

Clubs, Inc. v. Commissioner, 122 T.C. 73, 75-76 (2004), affd. on other grounds 404 F.3d 1291 (11th Cir. 2005).

While respondent's notice of deficiency for 2005 was issued after the section 6501 3-year period of limitations had expired, respondent argues that the notice was timely by operation of the mitigation provisions under sections 1311 through 1314.

If applicable, the mitigation provisions, among other things, permit the correction of an item that is shown to be erroneous by a determination in an administrative or judicial proceeding relating to another year or to a related taxpayer. Fruit of the Loom, Inc. v. Commissioner, T.C. Memo. 1994-492, affd. 72 F.3d 1338 (7th Cir. 1996). The limited conditions under which the mitigation provisions will be applied may be described generally as follows: (1) There has been a determination (as defined in section 1313(a)); (2) the determination must fall within one of the specified "circumstances of adjustment" or "doubling-up" situations described in section 1312; (3) with respect to the treatment of the item in question for the determination year, the party against whom the mitigation provisions are invoked must have maintained a position inconsistent with the treatment of the item in another year of the same (or related) taxpayer, which year is barred by the generally applicable period of limitations or by some other rule of law, see sec. 1311(b); and (4) the party who seeks to employ

the mitigation provisions must act timely thereunder and in the proper manner to make a corrective adjustment, see sec. 1314. Fong v. Commissioner, T.C. Memo. 1998-181. We discuss these conditions below as they apply to this case.

Section 1313(a) provides that a "determination" is one of the following: An action by this Court or another court of competent jurisdiction that has become final; a closing agreement made under section 7121; a final disposition of a claim for refund; or an agreement under section 1313(a)(4). See also Fruit of the Loom, Inc. v. Commissioner, supra.

As discussed above, this Court entered a decision in docket No. 5791-07S which became final on December 31, 2009. Generally, for a court decision to constitute a determination under section 1313(a) it must involve a substantive opinion by the court on the merits of an issue. Compare Commissioner v. Estate of Weinreich, 316 F.2d 97, 103-104 (9th Cir. 1963) (a prior court opinion on the issue in question or directly related issues is to be treated as a final determination under the mitigation provisions), affg. in part and revg. in part 37 T.C. 365 (1961), with Fruit of the Loom, Inc. v. Commissioner, supra at 1343-1345 (general administrative settlement agreements will not constitute determinations under the mitigation provisions). In Fong v. Commissioner, supra, however, we explained: "Where the written stipulation of settled issues reflects more than general language

and expressly includes the underlying terms of the settlement agreement between the parties, the Tax Court decision that is entered based thereon may be treated as a final determination for purposes of the mitigation provisions." (Emphasis deleted.)

Herein, the settlement stipulation agreed to by the parties in docket No. 5791-07S expressly described the terms of the agreement between the parties--namely that petitioner had overstated her ending inventory for 2004 and that it was reduced to $20,548. Because the Court's decision entered in docket No. 5791-07S was based on a stipulation that included the specific terms of the parties' settlement agreement (including exclusion of the $20,549 erroneous inventory amount), that decision is to be treated as a final determination for purposes of the mitigation provisions.

The determination must also fall within one of the "circumstances of adjustment" described in section 1312. Respondent relies on section 1312(3)(A), which provides: "The determination requires the exclusion from gross income of an item included in a return filed by the taxpayer * * * and which was erroneously excluded or omitted from the gross income of the taxpayer for another taxable year".

For mitigation purposes, changes to inventory may be treated as a change in an item of gross income and may result in a double exclusion or inclusion of gross income. Estate of SoRelle v.

Commissioner, 31 T.C. 272, 274 n.2 (1958). The determination in docket No. 5791-07S that there was an overstatement of ending inventory in 2004 resulted in a double exclusion of $20,549 in income--in 2004 and in 2005--that originally had been reported by petitioner on her 2004 Federal income tax return. Sec. 1312(3)(A); see also United States v. Rachal, 312 F.2d 376, 381-382 (5th Cir. 1962).

Section 1311(b)(1) requires that the party against whom the mitigation provisions are invoked (petitioner herein) must have maintained a position inconsistent with the treatment of the item in question in another year of the taxpayer. As discussed, petitioner filed her 2004 and 2005 Federal income tax returns reporting ending 2004 and opening 2005 inventory of $41,097. In docket No. 5791-07S petitioner affirmatively maintained (as an offset to other adjustments respondent was making) that her ending inventory for 2004 actually was $20,548 (not $41,097 as she had reported), a position that was agreed to by respondent and formally adopted by this Court.[5] It is clear from these facts that the exclusion of $20,549 from petitioner's 2004 reported income occurred as a result of her affirmative position

---

[5]With respect to the adjustment of ending inventories, one court has stated: "Where a closing inventory for any taxable year is reduced, the opening inventory for the following taxable year is automatically reduced in the same amount". Gooch Milling & Elevator Co. v. United States, 111 Ct. Cl. 576, 584, 78 F. Supp. 94, 99 (1948).

with regard thereto and that such exclusion was inconsistent with the exclusion of that same amount from her 2005 income. Petitioner took inconsistent positions with respect to the inventory adjustment.

Additionally, on the date of a determination, correction of the error in question must be barred by the operation of the section 6501 3-year period of limitations or some other rule of law. The decision in docket No. 5791-07S became final on December 31, 2009. The section 6501 3-year period of limitations for including the $20,549 in petitioner's income for 2005 (by way of adjustment to opening inventory) and for assessing a deficiency in petitioner's 2005 Federal income tax return expired on April 15, 2009. Accordingly, at the time the determination was made, the assessment of a deficiency attributable to the $20,549 decrease in petitioner's 2005 opening inventory was barred by the section 6501 3-year period of limitations.

Respondent, as the party seeking to use the mitigation provisions, must also act timely thereunder and in the proper manner in making a corrective adjustment. See sec. 1314. Here, section 1314(b) required respondent to issue a notice of deficiency to petitioner within 1 year of the determination described in section 1311(a). Again, the decision became final on December 31, 2009, and respondent timely issued the notice of deficiency for 2005 on January 7, 2010. Respondent's notice was

timely and otherwise in accordance with the requirements of section 1314.

On the basis of the foregoing, we find that all requirements of the applicable mitigation provisions have been met and that respondent properly relied thereon in issuing petitioner the notice of deficiency for 2005.  Petitioner's opening inventory for 2005 is reduced from $41,097 to $20,548 consistent with the adjustment made to her 2004 ending inventory.

Lastly, petitioner argues that if respondent is permitted to use the mitigation provisions to decrease her 2005 opening inventory, thereby increasing her 2005 Federal income tax liability, petitioner should be permitted to raise unrelated issues relating to her 2005 tax liability and the adjustment made under mitigation.  Specifically, petitioner argues that her 2005 gross receipts should be reduced from the reported $24,963 to $13,563--a reduction of $11,400.

Section 1314(c), however, provides:  "The amount to be assessed and collected in the same manner as a deficiency * * * under * * * [the mitigation provisions], shall not be diminished by any credit or set-off based upon any item other than the one which was the subject of the adjustment."  (Emphasis added.)  The application of the mitigation provisions does not allow a reopening of the tax liability for the closed year except to the extent that it is affected by the item in question under

mitigation.  <u>Estate of SoRelle v. Commissioner</u>, 31 T.C. at 276.
The only adjustment under mitigation involves petitioner's 2005
opening inventory.  Petitioner's attempt to offset the effect of
this adjustment with a reduction in her gross receipts is barred
by section 1314(c).

We sustain respondent's determination of a $5,516 deficiency
in petitioner's 2005 Federal income tax.

To reflect the foregoing,

<u>An appropriate order and</u>
<u>decision will be entered for</u>
<u>respondent</u>.